# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL GIVENS, | No. 4:19-CV-01266 |
| Plaintiff. | (Judge Brann) |
| v. | |
| JOHN E. WETZEL, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### AUGUST 27, 2019

## I. BACKGROUND

Michael Givens, a Pennsylvania state prisoner, filed this civil rights action alleging that Defendants violated his Fourteenth Amendment right to equal protection and his Eighth Amendment rights by displaying deliberate indifference to his medical needs and failing to protect him from inmate violence.[1] Givens details a number of incidents throughout his incarceration—stretching from 2004 until early 2019—that primarily relate to altercations that Givens had with his cellmates and allegedly inadequate treatment provided for Givens' mental health issues and related

---

[1] Doc. 1.

incontinence.² Givens has also filed two motions to proceed *in forma pauperis*³ and, for screening purposes, the second motion will be granted.

## II. DISCUSSION

This Court has a statutory obligation to conduct a preliminary review of pro se complaints brought by plaintiffs who proceed *in forma pauperis*.⁴ This obligation requires the Court to dismiss a complaint if it fails to state a claim upon which relief may be granted.⁵ To determine whether a complaint states a plausible claim for relief, this Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor."⁶

### A. Procedural Bars to Givens' Claims

First, the Court notes that it is clear from the face of the complaint that many incidents underlying Givens' claims are barred from consideration by the applicable statute of limitations.⁷ "The statute of limitations applicable to § 1983 claims in

---

² *Id.* at 7-32.

³ Docs. 2, 8.

⁴ 28 U.S.C. § 1915(e)(2)(B).

⁵ *Id.* § 915(e)(2)(B)(ii).

⁶ *Alpizar-Fallas v. Favero*, 908 F.3d 910, 914 (3d Cir. 2018).

⁷ "Although the statute of limitations is an affirmative defense, if it is obvious from the face of the complaint that a claim is barred by the applicable statute of limitations, a court may dismiss the claim sua sponte." *DePack v. Gilroy*, 764 F. App'x 249, 251 (3d Cir. 2019) (citation omitted).

Pennsylvania is two years."[8]  "A § 1983 cause of action accrues when the plaintiff knew or should have known of the injury upon which his action is based."[9]  Givens filed this suit, at the earliest, on July 15, 2019,[10] and the statute of limitations would therefore bar consideration of any events that occurred prior to July 15, 2017.

As to Givens' failure-to-protect claim, the last of the assaults that Givens alleges to have experienced in prison occurred on November 15, 2016, well outside of the applicable statute of limitations.[11]  Because all assaults occurred well prior to July 15, 2017, that claim is barred by the statute of limitations and will therefore be dismissed.  Similarly, most of Givens' allegations related to his medical treatment and the failure to place him in a Special Needs Unit ("SNU") for mental health treatment fall well outside of the statute of limitations.[12]

The only incidents that fall within the statute of limitations are: (1) Burke's failure to transfer Givens to the SNU for mental health treatment after Givens stated

---

[8] *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

[9] *Id.* at 157-58 (brackets and internal quotation marks omitted).

[10] *See* Doc. 1 at 35; *Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (discussing prisoner mailbox rule).

[11] Doc. 1 at 25.

[12] *See* Doc. 1 at 5-28.  For example, while Givens complains that the prison refused for years to provide him with adult diapers (*id.* at 18-23), he began receiving such undergarments on September 29, 2016, and receives them "to present date." (*Id.* at 24). Thus, any harm occurred well outside the limitations period.  Similarly, although the prison allegedly refused to provide Givens with fresh clothes or sheets after he urinated in his bed in June 2016, he was provided with fresh sheets in December 2016, and there are no allegations that he thereafter again urinated in bed and was refused clean sheets. (*Id.* at 24-25). Likewise, Givens' allegedly unjust discharge from the SNU occurred outside the limitations period in March 2017. (*Id.* at 26-28).

3

on July 6, 2017, that he was suicidal;[13] (2) an incident on August 4, 2017, where Givens urinated on himself due to anxiety, was scolded by Chad Byerlee and an unnamed guard, and was locked in his cell and not allowed to shower for several hours ("August 2017 Incident");[14] (3) Givens' brief transfer to a different prison where he was placed in the general population ("Prison Transfer");[15] and Sharon Clark's failure to ensure that Givens was transferred to the SNU in March 2019 ("March 2019 Incident").[16] Claims related to any prior incidents are dismissed as barred by the statute of limitations.

Second, any claim related to Burke's failure to transfer Givens to the SNU is barred due to Givens' failure to exhaust his administrative remedies.[17] State prisoners are required to exhaust all available administrative remedies prior to filing suit in federal court.[18] "Proper exhaustion demands compliance with an agency's

---

[13] Although this event occurred outside the statute of limitations (Doc. 1 at 28-29), the limitations period is tolled while an inmate exhausts his administrative remedies. *Pearson v. Sec'y Dep't of Corrs.*, 775 F.3d 598, 603 (3d Cir. 2015). Givens filed a timely administrative grievance within the limitations period, and any claim based on this event therefore is not barred by the statute of limitations. (Doc. 1-1 at 74-92).

[14] Doc. 1 at 29-30.

[15] *Id.* at 31-32.

[16] *Id.* at 32.

[17] While exhaustion of administrative remedies is an affirmative defense that need not be alleged in a complaint, the Court may *sua sponte* dismiss an action where the failure to exhaust is clear from the face of the complaint. *Ray v. Kertes*, 285 F.3d 287, 293 n.5 (3d Cir. 2002); *Oleson v. Bureau of Prisons*, 411 F. App'x 446, 447 (3d Cir. 2011).

[18] *Rinaldi v. United States*, 904 F.3d 257, 264-65 (3d Cir. 2018).

deadlines and other critical procedural rules . . ."[19] Documents attached to Givens' complaint demonstrate that, although he fully appealed his grievance related to Burke's failure to transfer him to the SNU, the grievance and subsequent appeals were rejected because Givens included multiple issues in one grievance, in violation of Pennsylvania Department of Corrections' rules.[20] Because Givens did not comply with the applicable procedural rules, it is clear from the face of the complaint that he did not properly exhaust this claim, and it is subject to dismissal.[21]

    B.    <u>Sufficiency of the Allegations</u>

Only three incidents described in Givens' complaint are not procedurally barred from consideration. Those incidents are the August 2017 Incident, Prison Transfer, and March 2019 Incident, all of which invoke the Eighth Amendment.

To state an Eighth Amendment claim alleging inadequate medical treatment, a prisoner "must make (1) a subjective showing that the defendants were deliberately indifferent to his or her medical needs and (2) an objective showing that those needs were serious."[22] "Because mere disagreement as to the proper medical treatment does not support a claim of an eighth amendment violation, when medical care is

---

[19] *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

[20] Doc. 1-1 at 83, 88, 92.

[21] *Woodford*, 548 U.S. at 90-91.

[22] *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (brackets and internal quotation marks omitted).

5

provided, [courts] presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care."²³ "'[D]eliberate indifference entails something more than mere negligence' and is a subjective standard that requires the official to both 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists' and to 'also draw the inference.'"²⁴

With regard to the August 2017 Incident, even under the liberal standard of review granted to pro se litigants, the facts alleged here are insufficient to state a claim for inadequate medical care. There is no allegation that Byerlee knew that Givens was suffering from a serious medical issue, or that Byerlee acted with deliberate indifference to Givens' medical needs by informing Givens of the required wait time for a prison transfer.²⁵ However, Givens alleges that—after he left Byerlee's presence—he was escorted by an unnamed guard to his cell, where Givens was confined while "soaked in urine" and not allowed to "shower for several hours."²⁶ That allegation may be sufficient to state an Eighth Amendment conditions-of-confinement claim.²⁷ Nevertheless, Givens does not identify who

---

²³ *Id.* at 535 (citation and internal quotation marks omitted).

²⁴ *Id.* at 538 (quoting *Farmer*, 511 U.S. at 835-37).

²⁵ *See* Doc. 1 at 29-30.

²⁶ Doc. 1 at 30.

²⁷ *Cf. Wallace v. Ducart*, No. 17-CV-05488-SI, 2018 WL 348152, at *2 (N.D. Cal. Jan. 10, 2018) ("allegations that members of the correctional staff made [plaintiff] lie or sit on the cold concrete ground for several hours, did not allow [him] to use the bathroom once he was

refused to permit him to shower and, in the absence of such allegation, this claim must be dismissed.[28]

As to the Prison Transfer, the facts are again insufficient to establish a claim for inadequate medical care. Although Givens alleges that he was assigned to the general population at his new institution rather than the SNU, there is no allegation regarding the quality of medical care that Givens would have received in the general population, or that Defendants knew that Givens was at substantial risk of serious harm based on his transfer to the new prison. Moreover, there is no allegation regarding who was responsible for the transfer or for the failure to indicate that Givens should be placed in the SNU and, thus, it is unclear who Givens attempts to hold responsible for the Prison Transfer. Based on those deficiencies, the Court will dismiss any claim related to the Prison Transfer.

With respect to the March 2019 Incident, Givens alleges that he spoke with Clark about a transfer to the SNU, and Clark "stat[ed] that [Givens] needed to speak with his unit management team about his concerns" and took no further action.[29] Givens' complaint includes no allegations regarding whether Clark was responsible

---

handcuffed, and denied him clean clothes after he defecated and urinated on himself" sufficient to state a claim for relief).

[28] *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." (citation and internal quotation marks omitted)).

[29] Doc. 1 at 32.

for transfers to the SNU—or whether she had any control whatsoever over Clark's placement within the prison. Absent such allegations, there is no basis to conclude that Clark may be held liable with respect to this incident.

To the extent that Givens attempts to state an overarching claim related to the sufficiency of his mental health treatment or the failure to assign him to the SNU, those claims fail for several reasons. With regard to Givens' treatment, he fails to make any allegations about the treatment that he received, how it was deficient, or how it violated professional standards of care.[30] Rather, all that is presented in Givens' complaint are conclusory assertions that his treatment was deficient, which is insufficient to state a claim for relief.[31] Similarly, Givens fails to explain how conditions in the SNU are superior to conditions in the general population, how conditions in the general population are deficient, or whether Defendants knew that the conditions in general population could exacerbate Givens' conditions and were deliberately indifferent to that risk.

Finally, Givens' Equal Protection claim fails, as he has not identified any similarly-situated comparators or explained how he is being treated differently than

---

[30] *See id.* at 28-32; Doc. 1-1 at 94-100; Doc. 1-2 at 1-14.

[31] *See In re Asbestos Prod. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 (3d Cir. 2016) ("district courts are not required to accept merely conclusory factual allegations or legal assertions").

are those individuals.³² Any such claim must therefore be dismissed. Although the Court will dismiss Givens' complaint, because it is not clear that amendment of Givens' claims related to the August 2017 Incident, Prison Transfer, March 2019 Incident, conditions of confinement or refusal to transfer Givens to the SNU, or denial of equal protection would be futile, Givens will be provided an opportunity to amend his complaint.³³

## III. CONCLUSION

For the foregoing reasons, this Court will grant Givens' motion to proceed *in forma pauperis* but dismiss the complaint for failure to state a claim upon which relief may be granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

³² *See Cabrera v. Attorney Gen. U.S.*, 921 F.3d 401, 404 (3d Cir. 2019) (noting that plaintiff "must show that the Government has treated him differently from a *similarly* situated party . . ." (brackets and internal quotation marks omitted)).

³³ *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).